O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| BAGRAT GOROYAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case № 2:21-cv-06203-ODW (SPx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]** |

## I. INTRODUCTION & BACKGROUND

In 2018, Plaintiff Bagrat Goroyan leased a vehicle manufactured and warranted by Defendant BMW of North America, LLC ("BMW NA"). (Decl. of Andrew K. Stefatos Ex. A ("Compl.") ¶ 12, ECF No. 1-2.) The vehicle exhibited problems with its braking, steering, and handling, and Plaintiff alleges BMW NA was unable to repair the problems even after several visits to an authorized dealer. (*Id.*) Plaintiff filed his complaint against BMW NA in the Los Angeles County Superior Court asserting various claims under California consumer protection and unfair competition law. (*Id.* ¶¶ 14–49.)

Defendant removed the action to this Court based on alleged diversity jurisdiction under 28 U.S.C. § 1332. (*See* Notice of Removal ("NOR") ¶ 6, ECF No. 1.) Plaintiff now moves to remand for lack of subject matter jurisdiction. (Mot.

Remand ("Motion" or "Mot."), ECF No. 18.) He argues that Defendant, a limited liability company, has not adequately pleaded and proven the citizenship of each of its members as required to assert diversity jurisdiction. (Mot. 3–6.) For the reasons below, the Court agrees and **GRANTS** Plaintiff's Motion to Remand.[1]

## II.     LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where the action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The removal statute is strictly construed against removal jurisdiction, and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

A plaintiff who contests the existence of removal jurisdiction may move to remand by raising either a "facial" or "factual" attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). A facial attack accepts the allegations as true but asserts they are "insufficient on their face to invoke federal jurisdiction." *Id.* at 1121. A factual attack, by contrast, contests the truth of the allegations themselves, either by introducing evidence outside the pleadings or "by making a reasoned argument as to why any assumptions on which [the allegations] are based are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). Once a plaintiff mounts a factual attack, the defendant has the burden of proving, by a preponderance of the evidence, the basis for removal jurisdiction exists. *See id.* at 700–01 ("[W]hen given the opportunity to present evidence,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

following [plaintiff's] motion to remand, [defendant] had the burden of supporting its jurisdictional allegations with competent proof." (internal quotation marks omitted)). "Both parties may submit evidence supporting the basis for jurisdiction before the district court rules." *Id.* at 699.

### III.   DISCUSSION

This Motion turns on whether complete diversity exists such that every plaintiff is diverse in citizenship from every defendant. *See, e.g.*, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

The parties do not dispute that Goroyan is a citizen of California. For diversity purposes, a person is a citizen of a state when they are (1) a U.S. citizen (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile," in turn, "is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). BMW NA alleges in its Notice of Removal, and Goroyan confirms in his Complaint and Motion, that Goroyan is domiciled in California. (NOR ¶ 12; Compl. ¶ 1; Mot. 4.) Moreover, Goroyan's status as a U.S. citizen is not in dispute. Goroyan is thus a citizen of California for purposes of this Motion's diversity analysis.

Accordingly, for complete diversity to exist, no member of BMW NA may be a citizen of California. *See Allstate*, 358 F.3d at 1095. For diversity purposes, an LLC such as BMW NA "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In its Notice of Removal, BMW NA alleged that the "sole member of BMW NA is BMW (US) Holding Corp. ('BMW Holding'), which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey." (NOR ¶ 14.) BMW Holding is a corporation, so it is a citizen of all states of incorporation and of the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Assuming for the sake of argument BMW Holding (and

therefore BMW NA) is a citizen of Delaware and New Jersey, as BMW NA alleges, BMW NA nevertheless fails to demonstrate complete diversity, because Goroyan submits additional evidence indicating BMW Holding is not the only member of BMW NA.

Goroyan submits BMW NA's Statement of Information[2] listing BMW Holding as BMW NA's primary "Manager or Member" and naming twenty-five natural persons as "Additional Manager(s) or Member(s)." (*See* Decl. of Armine Markosyan ("Markosyan Decl.") Ex. 3 ("Statement of Information") 1–5, ECF No. 18.) Goroyan contends this evidence shows BMW Holding has not one, but many members. In its Opposition, BMW NA does not argue that its Statement of Information is inaccurate or that the LLC has only one member.[3] (Opp'n 3.) Therefore, the Court deems BMW NA to have conceded that it has multiple members as provided in its Statement of Information.

By introducing evidence contesting BMW NA's allegation that it only has one member, Goroyan has raised a factual attack on subject matter jurisdiction. *See Harris*, 980 F.3d at 700. BMW NA thus bears the burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met—specifically, that none of the twenty-six members of the LLC are California citizens. *Leite*, 749 F.3d at 1122; *Johnson*, 437 F.3d at 899. Yet, rather than provide evidence of its members' citizenships, BMW NA tersely asserts that its members all "have New Jersey addresses." (*Id.*) The form attached to the Statement

---

[2] BMW NA files a boilerplate objection to the Statement of Information and attached form on the grounds of lack of foundation, hearsay, authentication, unfair prejudice, argumentative, and lack of personal knowledge. (Defs.' Evid. Objs. to Markosyan Decl. 1–2, ECF No. 20.) The Court finds the documents fall under hearsay exceptions for business records and public records. Fed. R. Evid. 803(6), (8). The Court also finds that they are self-authenticating under Fed. R. Evid. 902, not argumentative, and not unfairly prejudicial. The objection is **OVERRULED**. The Court declines to rule on BMW NA's remaining objections because it does not rely on the disputed evidence.

[3] California LLCs must file a Statement of Information with the state every two years or face fines or dissolution. Cal. Gov't Code § 17702.09.

1  of Information indeed lists a New Jersey address for each member—but they are all
2  the same address as that of BMW Holding. (Statement of Information 2–5.)

3  The Court finds BMW NA has not submitted "competent proof" of its members' residences. *Harris*, 980 F.3d at 700–01. For one, it is implausible that the same address could represent all individual members' residences. And in any case, one's residential address is not necessarily the same as one's domicile. *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there."). Without competent proof of each member's domicile, the Court cannot conclude by a preponderance of the evidence that no member is a citizen of California.

11  When Goroyan presented evidence of BMW NA's additional members, thus calling into doubt its citizenship, BMW NA failed to identify its additional members and provide evidence of their respective citizenships.[4] BMW thus failed in its burden to establish the existence of subject matter jurisdiction. The Court retains substantial doubts about its jurisdiction over the subject matter of the removed claims—doubts which it resolves in favor of remand. 28 U.S.C. § 1447(c); *Gaus*, 980 F.2d at 566.

///
///
///
///
///
///
///
///

---

[4] More than simply show BMW NA has several unaccounted-for members, Goroyan's evidence tends to directly show that one of BMW NA's members is a citizen of California. (Markosyan Decl. ¶ 8, Ex. 5; ¶ 9, Ex. 6.) The Court finds this additional evidence establishes by a preponderance of the evidence that one of BMW NA's members is a citizen of California. Even without this finding, however, the Court still concludes BMW NA failed in its burden to demonstrate complete diversity.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 18.) The Court **REMANDS** this action to the Superior Court of the State of California, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California, 90012, Case No. 21STCV11405. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 19, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**